MAR 24 2022

JUDGE DOW

MAGISTRATE JUDGE KIM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | UNDER SEAL |
| ) | |
| v. ) | No. 22 CR 178 |
| ) | |
| ADAM R. OLIVA ) | Violations: Title 18, United States Code, Section 1343, and Title 26, United States Code, Section 7206(2) |

## COUNT ONE

The SPECIAL JULY 2021 GRAND JURY charges:

1. At times relevant to this Indictment:

    a. The Internal Revenue Service was part of the United States Department of the Treasury and, among other things, was responsible for administering the tax laws of the United States, ascertaining and collecting taxes, and issuing income tax refunds to eligible taxpayers.

    b. The IRS required that taxpayers whose income exceeded certain thresholds file a U.S. Individual Income Tax Return (IRS Form 1040). The IRS Form 1040 required the taxpayer to provide, among other things, the taxpayer's name and address, social security number, filing status, number of dependents, total income for the tax year, the amount of federal income tax withheld during the tax year, and the amount of tax due or refund claimed. Any unpaid taxes were to be paid to the United States Treasury through the IRS.

    c. As part of its Offer in Compromise program, the IRS permitted taxpayers who owed tax debts to settle for less than the full amount owed if the

taxpayer could not pay the full tax liability or if doing so created a financial hardship on the taxpayer. In determining whether to permit a taxpayer to settle for less than the full amount owed, the IRS considered various circumstances, including the taxpayers' ability to pay, income, expenses, and assets.

      d.     The IRS required that a taxpayer seeking to pay less than the full tax liability pay an application fee and file an application package that included an Offer in Compromise form (IRS Form 656 or 656-B) describing, among other things, the tax years and type of tax that the taxpayer sought to compromise as well as the amount of the taxpayer's offer. The application package also included a collection information statement (IRS Form 433-A or 433-B) describing, among other things, the taxpayer's employment and financial information.

      e.     Defendant ADAM R. OLIVA was a resident of the Northern District of Illinois who held himself out as a tax professional who did business under different names, including Oliva and Associates, LLC and The Oliva Group, LLC. Defendant and his companies purportedly provided various tax-related services to clients, including preparing and filing federal and state tax returns, forwarding tax payments to the IRS and state revenue authorities on behalf of clients, and representing taxpayers in negotiations with the IRS to compromise tax liabilities.

2.  Beginning in or around 2015, and continuing through in or around April 2020,

ADAM R. OLIVA,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as further described below.

3.  It was part of the scheme that defendant ADAM R. OLIVA fraudulently induced and attempted to induce clients, including Clients MC, NS, JB, AK, DS, SL, SC, and TC, to provide him with money for the purported purpose of paying on their behalf taxes owed and estimated to be owed to the IRS and state revenue authorities even though defendant intended to keep the money for his own personal purposes.

4.  It was further part of the scheme that defendant ADAM R. OLIVA falsely represented to clients, including Clients MC, NS, and JB, that he would represent them before the IRS as part of the Offer in Compromise process in order to reach a compromise or settlement with the IRS regarding taxes that were due and owing by his clients.

5.  It was further part of the scheme that defendant ADAM R. OLIVA falsely represented to clients that the IRS had agreed to a compromise regarding their tax liabilities when, as defendant knew, the IRS had not agreed to any compromise regarding their tax liabilities and defendant intended to convert and converted the money provided to him by his clients to his own personal purposes.

6. It was further part of the scheme that defendant ADAM R. OLIVA converted and intended to convert money to his own personal purposes that had been provided to him by clients under the false pretense that defendant would use the money to pay the clients' tax liabilities.

7. It was further part of the scheme that defendant ADAM R. OLIVA falsely represented to clients, including Clients AK, DS, SL, SC, and TC, that he prepared and intended to file, and had filed, individual income tax returns on their behalf and that they owed a specific amount of taxes to the IRS and state revenue authorities when, as defendant knew, he had not filed and did not intend on filing those returns with the IRS, or filed returns reflecting that the clients owed a lesser amount of taxes or no taxes.

8. It was further part of the scheme that defendant ADAM R. OLIVA obtained money from clients whom he had agreed to prepare tax returns for under the false pretense that he had paid the clients' tax liabilities or intended to pay the clients' tax liabilities when, in fact, defendant converted and intended to convert the money to his own personal purposes.

9. It was further part of the scheme that, for purposes of concealing his fraudulent misappropriation of money from his clients, and to defraud the IRS, defendant ADAM R. OLIVA filed individual income tax returns with the IRS on behalf of his clients that contained false representations regarding, among other things, the client's income and amount of income tax withheld in order to falsely lower or eliminate the amount of tax purportedly due and owing to the IRS by the client.

10. It was further part of the scheme that defendant ADAM R. OLIVA falsely represented to clients that he previously had worked for the IRS or had special connections at the IRS in order to induce clients to hire him to purportedly negotiate settlements with the IRS and prepare income tax returns.

11. It was further part of the scheme that defendant ADAM R. OLIVA attempted to defraud his clients and the IRS by directing the IRS to send refund payments to himself by, among other means, including the account number of a bank account that defendant controlled on a client's tax return as the destination for the direct deposit of the tax refund purportedly due to the client.

12. It was further part of the scheme that defendant ADAM R. OLIVA fraudulently obtained and converted to his own purposes or sought to obtain and convert to his own purposes in excess of $1,000,000 from his clients.

13. It was further part of the scheme that defendant ADAM R. OLIVA concealed, misrepresented and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

14. On or about October 19, 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADAM R. OLIVA,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from olivaandassociatesllc@gmail.com to Client SL in Illinois through Google servers located outside Illinois regarding the purported payment of Client SL's income taxes by Oliva and Associates, Inc.;

In violation of Title 18, United States Code, Section 1343;

## COUNT TWO

The SPECIAL JULY 2021 GRAND JURY further charges:

1. The allegations of paragraphs one through thirteen of Count One are incorporated here.

2. On or about November 6, 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ADAM R. OLIVA,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an electronic transfer of $870 from an account at Chase Bank held by Client TC to an account at U.S. Bank controlled by defendant representing money paid by Client TC to defendant;

In violation of Title 18, United States Code, Section 1343;

## COUNT THREE

The SPECIAL JULY 2021 GRAND JURY further charges:

1. The allegations of paragraphs one through thirteen of Count One are incorporated here.

2. On or about June 12, 2018, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ADAM R. OLIVA,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate transfer of funds through the Fedwire Funds Service in the amount of approximately $50,000 representing money paid by Client MC to defendant;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL JULY 2021 GRAND JURY further charges:

1. The allegations of paragraphs one through thirteen of Count One are incorporated here.

2. On or about January 28, 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ADAM R. OLIVA,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate transfer of funds through the Fedwire Funds Service in the amount of approximately $17,250 representing money paid by Client JB to defendant;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL JULY 2021 GRAND JURY further charges:

1. The allegations of paragraphs one through thirteen of Count One are incorporated here.

2. On or about July 31, 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ADAM R. OLIVA,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate transfer of funds through the Fedwire Funds Service in the amount of approximately $2,851 representing money paid by Client JB to defendant;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL JULY 2021 GRAND JURY further charges:

1. The allegations of paragraphs one through thirteen of Count One are incorporated here.

2. On or about January 2, 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ADAM R. OLIVA,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate transfer of funds through the Fedwire Funds Service in the amount of approximately $39,520 representing money paid by Client MC to defendant;

In violation of Title 18, United States Code, Section 1343.

## COUNT SEVEN

The SPECIAL JULY 2021 GRAND JURY further charges:

1. The allegations of paragraphs one through thirteen of Count One are incorporated here.

2. On or about April 8, 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ADAM R. OLIVA,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate transfer of funds through the Fedwire Funds Service in the amount of approximately $127,000 representing money paid by Client NS to defendant;

In violation of Title 18, United States Code, Section 1343.

## COUNT EIGHT

The SPECIAL JULY 2021 GRAND JURY charges:

On or about October 16, 2017, in the Northern District of Illinois, Eastern Division and elsewhere,

### ADAM R. OLIVA,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, IRS Form 1040, on behalf of Client AK for calendar year 2016 that defendant knew was false and fraudulent as to a material matter in that defendant knew that the return underreported the amount of taxes owed by Client AK for 2016 on line 78;

In violation of Title 26, United States Code, Section 7206(2).

## COUNT NINE

The SPECIAL JULY 2021 GRAND JURY charges:

On or about January 28, 2019, in the Northern District of Illinois, Eastern Division and elsewhere,

### ADAM R. OLIVA,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, IRS Form 1040, on behalf of Client AK for calendar year 2017 that defendant knew was false and fraudulent as to a material matter in that defendant knew that the return underreported the amount of taxes owed by Client AK for 2017 on line 78;

In violation of Title 26, United States Code, Section 7206(2).

## FORFEITURE ALLEGATION

The SPECIAL JULY 2021 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. If any of the property described above, as a result of any act or omission by defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

ILND 442 (Rev. 11/16) Arrest Warrant

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Illinois Eastern Division

| | |
|---|---|
| United States of America | ) |
| | ) Case No. **22-cr-00178** |
| v. | ) |
| | ) |
| Adam R Oliva | ) |
| | ) |

## BENCH WARRANT

**To:**    Any authorized law enforcement officer

   YOU ARE COMMANDED to arrest and bring Adam R Oliva before a United States magistrate judge without unnecessary    delay, who is accused of an offense or violation based on the following document filed with the court:

☒ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint

☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Offense: FRAUD BY WIRE, RADIO, OR TELEVISION               Title: 18        U.S.C: 1343
         FRAUD AND FALSE STATEMENTS                                26                7206(2)


THOMAS G. BRUTON, CLERK

*[signature]*
_____

(By) DEPUTY CLERK

March 25, 2022
_____
DATE

ILND 442 (Rev. 11/16) Arrest Warrant page 2

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

Case No. 22-cr-00178

| Return |
|---|
| This warrant was received on *(date)* 3/25/22 , the person was arrested on *(date)* 3/29/22 at *(city and state)* Fort Myers, FL .<br>Date: 3/29/22<br><br>_____<br>*Arresting officer's signature*<br><br>Special Agent Kate Garcia<br>*Printed name and title* |